**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                                  Criminal No. 07-448 DWF/AJB

           Plaintiff,

v.                                                                      **REPORT AND RECOMMENDATION**

JOEL LESLIE WELLS,

           Defendant.

      Michelle Jones, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

      Rick E. Mattox, Esq., Daniel Gerdts, Esq., and Howard Kieffer, Esq., for defendant Joel Leslie Wells.

      This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on March 3, 2008, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The Court issued an Order on Motions dated March 7, 2008, reserving a motion to suppress search and seizure evidence for submission to the district court on report and recommendation and further taking motions for computer discovery and for Franks hearing under advisement.

      Based upon the file and documents contained therein, along with exhibits received at hearing, the magistrate judge makes the following:

**Findings**

      **December 30, 2004, Search Warrant.**  On December 30, 2004, Dakota County District Court Judge Rex Staley issued a warrant to search a particularly identified residential location and two vehicles located in Eagan, Minnesota  (Hearing Exh. No. 1).  The location is

further identified in the supporting affidavit as the residence of defendant Joel Leslie Wells. The search warrant identified the objects of the warrant as papers showing residency; personal computers; electronic information storage devices and media; videos, photos, and other materials depicting minors engaged in sexual activity or exhibitions; publications relating to sexual activity; and books and records involving transmission or commerce relating to depictions of minors engaged in sexual conduct. The warrant was issued on the basis of probable cause contained in the Affidavit of Eagan Police Officer David Bork, including evidence obtained by search warrant executed in New Jersey.

**October 17, 2007, Search Warrant.** On October 17, 2007, Dakota County District Court Judge Michael Meyer issued a warrant to search two particularly identified and described computer hard drives (Hearing Exh. No. 2). The hard drives were already in police possession as a result of their seizure pursuant to execution of the above referenced December 30, 2004, search warrant. The search warrant identified the objects of the warrant as images of persons under 18 years of age engaged in sexual conduct or lewd exhibitions; e-mails showing the exchange of images of persons under 18 years of age engaged in sexual conduct or lewd exhibitions; and information showing ownership, possession, and use of the computers, including e-mail accounts, screen names, and Internet accounts. The warrant was issued on the basis of probable cause contained in the Affidavit of Eagan Police Officer David Bork, including evidence obtained by search warrant executed in New Jersey and information obtained through prior forensic examination of computers pursuant to previous warrant.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**December 30, 2004, Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly identified house and two vehicles in Eagan, Minnesota  (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Joel Leslie Wells.  The residence search warrant was issued on December 30, 2004, and was based upon evidence sufficient to establish probable cause as stated in the Affidavit of Eagan Police Officer David Bork, and as determined by Dakota County District Court Judge Rex Staley.  The warrant properly and adequately identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Defendant contends that the affidavit and application for the December 30, 2004, warrant did not state sufficient evidence to establish probable cause because officers improperly relied upon an AOL "screen name" as a nexus between the defendant's residence, i.e. billing address, and that such a nexus must be shown by Internet Protocol ("IP") addressing[1] which must be obtained through the internet service provider.  Defendant further argues that probable cause was lacking because it was based upon an e-mail transmission of a single image which was not conclusively determined to be that of an unlawfully depicted person under 18 years of age.  In addition, defendant insists that officers are not entitled to the benefits of good faith reliance on the validity of the search warrant because the issuing state court judge should be presumed to have been something other than a "neutral and detached magistrate," i.e. biased, as a result of

---

[1] An IP address (or Internet Protocol address) is a unique address that certain electronic devices use in order to identify and communicate with each other on a computer network utilizing the Internet Protocol standard (IP) —in simpler terms, a computer address.  Wikipedia, IP address, (last visited April 29, 2008).

previous case involvement with this defendant, and because the affiant did not appear at the motions hearing and therefore did not provide testimony to establish reasonable reliance on the warrant.

With respect to the assertion that nexus to the residence was inadequately shown in the warrant application, the court finds otherwise.  Probable cause exists when "under the totality of circumstances, 'there is a fair probability that contraband or evidence of a crime will be found' in the place to be searched."  United States v. Bach, 400 F.3d 622, 627 (8th Cir. 2005)(quoting Illinois v. Gates, 462 U.S. 213, 237 (1983)).  Defendant argues that a screen name has no required connection to a particular computer or physical location and reliance on a screen name to establish a nexus with a search location is therefore ineffective.  The court concludes that reference to IP addressing is not necessary to establishing the probable cause nexus to a location, and that the nexus is sufficient in this instance.  Bach at 628 ("even without IPs it was reasonable to believe on the basis of the other information in the affidavit that Bach had a computer at his residence where he engaged in chats and received or stored images.").  In Bach, a primary concern was the existence of information that would tie the screen name, the subscriber identity, and the subscriber home address together.  Such information exists and was presented to the issuing judge in this matter as indicated by affidavit statements that AOL had been contacted and had advised an officer that the subject screen name, "RepentNow222" was subscribed to by the defendant, Joel Wells at 433F Metcalf Drive, Eagan Minnesota, and the affiant had also confirmed that defendant Wells was billed for utilities at that address.  In addition, the affiant's recited familiarity with the collection and storage practices of child pornographers, along with his awareness of the defendant's prior criminal history with respect to

an offense involving computer image child pornography, was pertinent and supports the determination that probable cause existed.  Bach, 400 F.3d at 628.

Defendant also argues that probable cause did not exist because it was based wholly upon the discovery of a single image recovered in a computer search in New Jersey with respect to which the warrant affidavit does not sufficiently establish that the photograph depicted an underaged person.  The affidavit states that a forensic search had resulted in discovery of "a photograph depicting a nude minor female masturbating" and that "[t]he nude minor female depicted in this image appears to be under 18 years of age."[2]  The affiant's observation regarding the apparent age of the depicted female was an observation shared by an officer in New Jersey, and the assertions were made with appropriate conviction for purposes of establishing probable cause to belief that the image represented child pornography.  The court attaches no significance to the absence of multiple pornographic images of the same or different minors.

Defendant Wells contends that the initial hard drive search that took place during the residence search, and a subsequent off-site search of the hard drives in January 2005, were unlawful warrantless searches and that evidence obtained in those searches should be suppressed.[3]  The argument rests largely on the analogy whereby computers should be construed to be closed containers for which a specific warrant must be obtained prior to opening for further search.  Defendant relies primarily upon legal commentary, in connection with cases involving

---

[2] Application for Search Warrant and Supporting Affidavit, page 2.  (Hearing Exh. No. 1).

[3] The court does not agree with defendant's contention that the government has somehow conceded that hard drives searches were unlawful as indicated by the prosecution's decision to discuss search and seizure issues in the context of a different analysis or theory than that put forth by the defendant.

container searches, for this contention.  The court declines to adopt the closed container comparison and instead determines that computers and hard drives are more closely akin to filing cabinets, or bookkeeping ledgers, as repositories of information.  See United States v. Bach, 400 F.3d at 627.  The hard drives were properly seized and searched pursuant to warrant which authorized not only the physical seizure of the computers, but also expressly permitted forensic searches for data contained on the hard drives by authorizing the search of personal computers; any device or media capable of storing electronic digital data, including various data storage media; computer files; and books, ledgers, and records.  The warrant explicitly authorized the seizure of "any materials depicting a person under the age of 18 years engaged in sexual intercourse, sexually explicit conduct, or lewd exhibition of the genitals."  This is not a case of serendipitous discovery of child pornography in the course of a search for materials of a different nature such as business records or evidence of fraud.  Consequently, both the initial on-site hard drive pre-view as well as a subsequent off-site examination of the computer hard drives for purposes of a search for child pornography images was lawfully conducted pursuant to the search warrant.  United States v. Sage, 2007 WL 4592074, at *7 (W.D. Mo., December 27, 2007).

**Good Faith.**  The search warrant issued on December 30, 2004, to search a residence and vehicles was executed by officers having a objective good faith reliance on the validity of the warrant, and the search was lawful.  Furthermore, the preview search of the computer hard drives and the off site search of the hard drives was based upon a good faith belief that the warrant authorized seizure and search of the computer hard drives.  There is no evidence that the issuing judge was intentionally or recklessly misled by false information in an affidavit;

there is no suggestion that the judicial role was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient.  United States v. Hessman, 369 F.3d 1016, 1020 (2004)(citing United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405 (1984).  With respect to a challenge to the issuing judge's neutrality, the defendant relies wholly upon mere accusations and insult to judicial integrity and presents absolutely no objective evidence to support such a claim.  Likewise, in its consideration of good faith the court attaches no significance to the absence of testimony from the warrant affiant (whose appearance defendant could have compelled by subpoena), and the court certainly gives no adverse weight to the investigating officer's presumed cross-examination testimony.  Finally, the warrant affidavit unequivocally stated the intention of officers to remove any computers from the residence and to examine and analyze data stored on the hard drives pursuant to the warrant that was being requested, and the warrant itself provided particularized search and seizure authorizations that were fully consistent with that stated intention.  The search warrant in this matter was lawfully issued and executed and therefore suppression of evidence seized pursuant to the warrant is not required.  Alternatively, the warrant was executed in good faith reliance on its lawful issuance and execution and again, suppression is not required.  See also United States v. Hopgood, 2008 WL 906807, at *6-*8 (E.D. Mo., April 1, 2008).

**October 17, 2007, Search Warrant.**  Evidence seized pursuant to a warrant to search two particularly identified computer hard drives  (Hearing Exh. No. 2), was not unlawfully obtained in violation of the constitutional rights of defendant Joel Leslie Wells.  The search warrant was issued on October 17, 2007, and was based upon sufficient probable cause as stated in the Affidavit of Eagan Police Officer David Bork, and as determined by Dakota County

District Court Judge Michael Meyer. Evidence submitted to establish probable cause included evidence lawfully obtained through computer hard drive seizure and search as previously discussed herein. The warrant properly and sufficiently identified the property to be searched and the data that was the object of the search, and the evidence obtained as a result of searching the hard drives was not the fruit of prior unlawful search and seizure. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant. Alternatively, the warrant was executed in good faith reliance on its lawful issuance and execution.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Joel Leslie Wells' Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied**. [Docket No. 15].

Dated:     May 13, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 25, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. §

636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.