# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                    Criminal No. 07-448(1) (DWF/AJB)

             Plaintiff,

v.                                           **ORDER AND MEMORANDUM**

Joel Leslie Wells,

             Defendant.

---

Erica H. MacDonald and William J. Otteson, Assistant United States Attorneys,
United States Attorney's Office, counsel for Plaintiff.

Earl P. Gray, Esq., counsel for Defendant.

---

This matter came before the Court on Friday, May 22, 2009, pursuant to Defendant

Joel Leslie Wells' ("Defendant") motion to review and revoke Magistrate Judge Susan

Richard Nelson's March 10, 2009 Order of Revocation and Detention ("March 10, 2009

Detention Order"), in which she revoked Defendant's pretrial release and ordered

Defendant detained.  Pursuant to Defendant's request for a *de novo* review of Magistrate

Judge Nelson's March 10, 2009 Detention Order, the Court heard testimony on May 22,

2009.  Defendant argues that the Government has failed to demonstrate that there are no

set of conditions that would reasonably assure the safety of the community and

Defendant's appearance at trial or that he would not abide by conditions of release.  The

Government opposes Defendant's motion, including Defendant's request for release from custody.

Based upon the extensive submissions of counsel, along with testimony received from Defendant, Pretrial Services Officer David Drake, and Special Agent Maureen Lese, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.    Consistent with the Court's ruling off the bench on Friday, May 22, 2009, Defendant's motion for release from custody is respectfully **DENIED**.

Dated:  June 4, 2009

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

## MEMORANDUM

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142(g) and 3148(b)(2), the Court considered the following factors in assessing the continued detention of Defendant:

        a.    The nature and circumstances of the offense charged;

        b.    The weight of the evidence against the Defendant;

        c.    The history and characteristics of the Defendant;

        d.    The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The Court's decision to continue the Defendant's detention is based on three separate grounds, any one of which standing alone would be sufficient to support continued detention.

First, Defendant was in possession of a firearm in violation of his conditions of pretrial release. The Court incorporates into this Memorandum by reference its findings and remarks made from the bench on May 22, 2009. The Court rejects Defendant's attempt to allocate all responsibility for the removal of firearms from their home to his significant other, Carolyn Nelson. The Court also rejects Defendant's denial of knowledge of the handgun in the downstairs bathroom.[1] Consistent with the Court's remarks from the bench on May 22, 2009, the Court does not find Defendant's testimony credible. The Court bases this credibility determination upon the record before it, including all of the exhibits received by the Court on May 22, 2009, as well as the transcript of the original detention hearing held on March 6, 2009, and the exhibits received at that time. Therefore, the Court concludes by clear and convincing evidence that Defendant was in constructive possession of a firearm and in violation of his conditions of release.

Second, consistent with its remarks from the bench on May 22, 2009, the Court finds and concludes by clear and convincing evidence that Defendant was using his

_____

[1] This bathroom was the one used by the Defendant, as evidenced by the presence of his possessions, including but not limited to depictions of adult pornography and paraphanalia designed for male sexual stimulation.

3

computer or computers for non-work-related purposes. The Defendant was fully aware of the computer usage permitted to him and the computer usage that was not allowed, given that that the conditions of release made it clear that he was to use his computer only for work-related purposes, and that such work-related use would not include "cruising the Internet."

At the detention hearing on March 6, 2009, the Government introduced Government's Exhibit 3, which contained a "screen shot" of the Defendant's e-mails from July 2007 through December 2008. The screen shot of the folder reflected a number of e-mails that were not work-related and, the Government alleges, includes child pornography-related subject lines, such as "Child Porn!," "Hot underage pix," "Lolitas pussies," and "Photosite natural beauty young female body." The screen shot that U.S. Probation Officer Lisa Martinetto was viewing, showed 50 messages out of 817 total messages in Defendant's "AttorneyInfo" folder. Even assuming that Defendant did not "click on" or open these e-mails, they were part of his overall Internet activity and he retained them at that time.

Moreover, the record establishes that Defendant knew what Internet activity was permitted with respect to work-related purposes, especially given his prior conviction for Possession of Pictorial Representation of Minors in 2001. The Court rejects any notion that Pretrial Services or the Probation Department permitted the Defendant to engage in Internet activity unrelated to work. Given the length of time that Defendant was on the Internet each day, notwithstanding his self-employment out of his home as an accountant;

"the random snapshot"; given the number of images that were contained on his computer, and even assuming that Defendant did not view or otherwise click on any of those images, the Government has established that Defendant's computer use was far in excess of what was permitted for his work and that this usage was not approved by Pretrial Services or Probation.

Third, the Court finds and concludes that a photographic image in the Defendant's possession, introduced as Government's Exhibit 2, supports Special Agent Maureen Lese's testimony that she had probable cause to believe that Defendant was in possession of child pornography as defined by federal law, notwithstanding any assertions by photographer Nan Golden and professional artist and entertainer Elton John regarding the nature of the photograph. This picture depicts two prepubescent, minor females, one of whom is bent backwards with her legs spread and genitals exposed. Given the Defendant's knowledge of the criminal justice system, his intelligence and his experience resulting from his prior conviction in 2001, the Defendant was fully aware of the activities permitted to him while on pretrial release. If he had any question, a reasonable course of conduct would have been to obtain a checklist of permitted conduct from his defense counsel. This is particularly true given Defendant's protestations that no one will tell him specifically what he had done that constitutes a violation of federal law and his view that he was being unfairly treated and targeted by the criminal justice system. The Court rejects the notion that Defendant was a victim in this case or that the violations resulted from the Defendant's inadvertence and ignorance. It was clear that acceptable

activities while on pretrial release would not include possessing a photograph displaying as a central focus the genitals of a minor child, as did the picture in the Defendant's possession.

The Court, therefore, finds all three violations of pretrial release conditions by clear and convincing evidence. The Court specifically rejects any argument that the three separate and independent violations resulted from the Defendant's mere inadvertence, or from a lack of proper direction and explanation by Pretrial Services, the Probation Department, or prior defense counsel.

For these reasons, the Court concludes that there is no reasonable alternative to detention for Defendant. Consequently, pursuant to 18 U.S.C. § 3142(g) and 3148(b)(2), the Court finds that there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court further finds that Defendant is unlikely to abide by any condition or combination of conditions of release. The Court therefore respectfully declines to release Defendant or otherwise revoke Magistrate Judge Susan Richard Nelson's detention order.

D.W.F.